**SO ORDERED.**

**SIGNED this 14th day of February, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **BROOKE CORPORATION, et. al.,** | CASE NO. 08-22786 <br> (jointly administered) |
| Debtors. | CHAPTER 7 |
| **CHRISTOPHER REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| Plaintiff, | |
| v. | ADV. NO. 09-6070 |
| **THE LELAND ORR SELF DIRECTED IRA ACCOUNT and SPIRITBANK,** | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER
# DENYING DEFENDANT LELAND ORR SELF DIRECTED IRA'S
# MOTION TO DISMISS OR, IN THE ALTERNATIVE,
# FOR SUMMARY JUDGMENT AND
# FINDING TRUSTEE'S MOTION TO STRIKE MOOT

The adversary proceeding is filed by the Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. concerning allegedly fraudulent transfers by Brooke Corporation to Defendant SpititBank of mortgages on five tracts of land owned by Brooke Corporation located in Smith County, Kansas.[1] As to Defendant The Leland Orr Self Directed IRA Account (Orr), the Trustee alleges in the First Amended Complaint that two of the mortgages were sold by SpitritBank to Orr, that those mortgages are subject to being set aside as constructive fraudulent conveyances, and the Trustee may recover the avoidable transfers from Orr pursuant to 11 U.S.C. § 550 and K.S.A. § 33-207. The Trustee also prays to disallowance of any claims of Defendants until such time as they pay the Trustee the value of the avoidable transfers, plus interest.

Defendant Orr moves to dismiss or, in the alternative, for summary judgment (Motion ). The Motion was filed by "Leland Orr aka Leland Orr Self Directed IRA Account," pro se. The Trustee moves to strike the Motion for failure to comply with applicable procedural rules (Motion to Strike). The Court has jurisdiction.[2]

---

[1] See First Amended Complaint, dkt. 31.

[2] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H). There is no objection to venue or jurisdiction over the parties.

For the following reasons, the Court denies Orr's Motion. The Trustee's Motion to Strike is moot because the Motion is denied on the merits.[3]

**THE MOTION TO DISMISS IS DENIED.**

Orr's Motion states it is brought under Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule 12(b). No particular subsection is identified, so the Court assumes that Orr is intending to proceed under 12(b)(6), failure to state a claim on which relief can be granted. A motion to dismiss under 12(b)(6) tests the legal sufficiency of the allegations. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[4] The court's function when ruling on a motion to dismiss is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

The memorandum submitted by Orr in support of the Motion totally fails to show that the foregoing standard is satisfied. It is a long (80 pages of text and approximately 400 pages of attachments) recitation of certain federal securities laws, descriptions of Brooke's various corporate transactions, and discussions of multiple law suits involving Brooke. The memorandum is devoid of any argument as to why the First Amended Complaint fails to state a claim against Orr for setting aside the mortgages and turning over property to the estate. In

---

[3] The Court finds the Trustee's Motion to Strike well founded. But the Court prefers under the present circumstances to rule on the merits of the Motion.

[4] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly*, 550 U.S. at 570).

[5] *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009), quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

3

addition, the Court's own review of the First Amended Complaint has identified no basis to conclude that it fails to state a claim on which relief can be granted against Orr.

**THE MOTION FOR SUMMARY JUDGMENT IS DENIED.**

Orr's Motion also states it is brought as a motion for summary judgment under Bankruptcy Rule 7056, which incorporates Federal Rule 56. The rule provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To facilitate the Court's review of a motion under this standard, Federal Rule 56 requires that a party asserting that a fact cannot be disputed must support the assertion by citing to particular parts of the record, including affidavits. Local rule 56.1 requires that a memorandum or brief in support of a motion for summary judgment must "begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists" and that those facts be numbered and refer with particularity to those portions of the record upon which the movant relies.

Defendant Orr's memorandum in support of his Motion utterly fails to comply with the applicable summary judgment rules. There is no statement of facts which Orr contends are uncontroverted and no citations to the record or affidavits. Orr has not shown that he is entitled to judgment as a matter of law. Orr's Motion for summary judgment is denied.

**IT IS SO ORDERED.**

### 

4