**SO ORDERED.**

**SIGNED this 26th day of January, 2015.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et. al.,** <br><br> DEBTORS. | CASE NO. 08-22786 <br> (jointly administered) <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., <br><br> PLAINTIFF, <br><br> v. <br><br> SpiritBank, <br><br> DEFENDANT. | ADV. NO. 09-06070 |

**MEMORANDUM OPINION AND ORDER
DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**

In this adversary proceeding, the Chapter 7 Trustee of the Debtors, Brooke Corporation (Brooke Corp), Brooke Capital Corporation (Brooke Capital), and Brooke Investments, Inc. (BII), seeks to avoid certain transfers from Brooke Corp to Defendant SpiritBank under 11 U.S.C. § 548, state law, or 11 U.S.C. § 547 and to recover the avoided transfers from SpiritBank under 11 U.S.C. § 550.[1] Discovery has been completed, and the parties have filed cross motions for summary judgment. Plaintiff appears by John J. Cruciani and Michael D. Fielding of Husch Blackwell LLP. Spirit Bank appears by Heather S. Esau Zerger and Steven E. Mauer of Zerger & Mauer LLP and Kenneth E. Wagner of Latham, Wagner, Steele & Lehman, P.C. The parties stipulated to jurisdiction of the Court and consented to trial and entry of a final order by the Bankruptcy Court.[2]

In early 2008, although Alertias, a subsidiary of Brooke Corp, was insolvent, it was seeking up to $52,500,000 of replacement financing to take out is existing lenders, known as Falcon-Jordan. Alertias selected First State Bank of Gothenberg, Nebraska which agreed to be the agent, servicer, and a minority participant in the proposed loan to Aleritas. Defendant SpiritBank, as a participant in the First State Bank loan, agreed to loan Alertias $10,000,000, provided that Brooke Corp enter into an option agreement, which provided, among other things, that SpiritBank could demand repurchase of its

---

[1] Future references to sections of title 11 in the text shall be to the section number only.

[2] Doc. 124.

interest by Brooke Corp and that Brooke Corp would provide a $2,000,000 CD to be held by and pledged to SpiritBank. The CD was provided. SpiritBank gave notice of repurchase, but Brooke Corp., being insolvent, could not satisfy the request and negotiated with SpiritBank for a series of amendments to the Option Agreement. Various fees and expenses in the amount of $33,000 were paid by Brooke Corp to SpiritBank. In early September, 2008, less than two months before Brooke Corp filed for bankruptcy relief, SpiritBank cashed the pledged CD.

In the adversary complaint, the Trustee, under § 548, state law, and § 547, seeks to avoid transfers to SpiritBank of certain funds and property interests, including the Option Agreement, the $33,000 fees, and the $2,000,000 CD, and to recover the same from SpiritBank.

The Court has carefully reviewed the parties' motions for summary judgment, supporting memoranda, replies, and responses. Although the parties generally do not dispute that the forgoing events occurred, there are material disputes regarding the details of the circumstances surrounding these events and the interpretations of the relevant documents in light of those circumstances. One of the dispositve issues presented for determination is whether Brooke Corp received reasonably equivalent value within the meaning of § 548 in exchange for the transfers to SpiritBank.[3] From review of the

---

[3] Unlike most summary judgment motions before this Court, SpiritBank's positions are supported in large part by an expert opinion which addresses reasonable equivalent value and other matters. The Trustee argues that the opinion's conclusions should be disregarded because they are based upon false premises. The Trustee also argues that the opinion is not admissible. (Doc. 127, pp. 27-28). SpiritBank's response in support of admission of the report includes no

3

Case 09-06070   Doc# 132   Filed 01/26/15   Page 3 of 4

pleadings, the Court has concluded that the factual disputes preclude summary judgment for either party on this issue. The motions are therefore denied.[4]

Trial will be necessary on the issues raised by the adversary complaint.[5] The Court notes that a final pretrial order has been filed and sets the following deadlines: Motions in Limine and/or Daubert Motions shall be filed no later than 5:00 P.M. Central time on February 9, 2015, a final pretrial conference shall be conducted by telephone on February 10, 2015 at 1:30 p.m., and trial shall be conducted on February 24-26, 2015 at 9:30 A.M.

The Motion for Summary Judgment filed by the Trustee and the Motion for Summary Judgment filed by SpiritBank are denied.

**IT IS SO ORDERED.**

###

---

authorities. (Doc. 129, pp. 21-23). Without additional briefing, the Court declines to rule on the admissibility of the expert opinion and therefore did not determine if it can be properly considered in support of SpiritBank's positions. *(See* Fed. Rule of Civ. P. 56(c)(2) made applicable to this proceeding by Fed. Rule Bankr. P. 7056).

[4] In so stating, the Court is not implying that reasonable equivalent value is the only issue for which controverted facts preclude a ruling.

[5] Bankruptcy Rule 7052 adopts Federal Rule of Civil Procedure 52(a)(3), which states, "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56, or, unless these rules provide otherwise, on any other motion."

4